1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PATRICIA MCCOURT,

Plaintiff(s),

v.

GATSKI COMMERICAL REAL ESTATE
SERVICES, et al.,

Defendant(s).

Case No. 2:14-CV-1911 JCM (PAL)

ORDER

Presently before the court is defendant Gatski Commercial Real Estate Services' ("Gatski") motion for partial dismissal or, in the alternative, motion for a more definite statement. (Doc. # 7). Plaintiff Patricia McCourt filed a response (doc. # 9) and defendant filed a reply (doc. # 12).

I.    **Background**

This matter is a civil rights employment case based upon Title VII. (Doc. # 1 at 1). Plaintiff worked for defendant Gatski, a commercial real estate business, as a leasing administrative assistant from August 2011 through March 2013. (*Id*. at 1-2). Defendant Accord Human Resources, Inc. ("Accord") is an employee leasing company.[1] (Doc. # 1 at 2). Accord employed plaintiff at the time of the incident, though plaintiff was "leased" to Gatski. (*Id*.).

Plaintiff alleges that, while working for Gatski in January 2013, a supervisor, Chris Beets, sexually harassed her. (*Id*.). Plaintiff further alleges that she was terminated on March 1, 2013, in retaliation for reporting the harassment.[2] (*Id.* at 2).

---

[1] Defendant Accord Human Resources, Inc. ("Accord") filed an answer to plaintiff's complaint on March 25, 2015, and is not a party to Gatski's motion to dismiss.

[2] Defendant Gatski asserts that plaintiff voluntarily quit. (Doc. # 7 at 2 n.1).

James C. Mahan
U.S. District Judge

Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Gatski and Accord and received right to sue letters. (*Id.* at 2). Plaintiff cites sex as the protected class for both charges. (*Id.* at 4).

On November 16, 2014, plaintiff filed the instant lawsuit alleging two causes of action: (1) sexual harassment and retaliation in violation of Title VII; and (2) intentional infliction of emotional distress. (*Id.* at 1-3).

Gatski asks that plaintiff's state law claim for intentional infliction of emotional distress be dismissed or, in the alternative, that the court require plaintiff to submit a more definite statement. (Doc. # 7).

## II.   Legal Standards

### A.  Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

James C. Mahan
U.S. District Judge

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### B.  Motion for a More Definite Statement

A motion for a more definite statement is made pursuant to Rule 12(e), which requires the filing of an amended pleading where the initial pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  "Rule 12(e) is designed to strike at unintelligibility, rather than want of detail." *Woods v. Reno Commodities, Inc.,* 600 F. Supp. 574, 580 (D. Nev. 1984).  Motions for a more definite statement are disfavored and rarely granted.  *See Millenium Drilling Co. v. Beverly House–Meyers Revocable Trust,* 2013 U.S. Dist. Lexis 69716, *8, 2013 WL 2152756 (D. Nev. May 16, 2013) (quoting *Sagan v. Apple Computer,* 874 F. Supp. 1072, 1077 (C.D. Cal.1994)).

## III.    Discussion

To assert a claim of intentional infliction of emotional distress, a plaintiff must prove that: (1) defendant engaged in extreme and outrageous conduct with the intention of causing emotional distress or acted with reckless disregard for plaintiff's emotional distress; (2) plaintiff suffered severe or extreme emotional distress as a result; and (3) defendant's actions were the proximate cause of plaintiff's emotional distress.  *See Jordan v. State,* 110 P.3d 30, 52 (Nev. 2005); *Byrd v. Meridian Foreclosure Serv.,* No. 2:11-cv-00096-KJD-PAL, 2011 WL 1362135, at * 2 (D. Nev.

James C. Mahan
U.S. District Judge

April 8, 2011).  Extreme and outrageous conduct falls "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car,* 953 P.2d 24, 26 (Nev. 1998).

Defendant asserts that plaintiff's complaint falls "woefully short" of the pleading requirement established for Rule 8.  (Doc. # 7 at 4).  Defendant asserts that plaintiff simply states she suffered "extreme emotional distress" and offers no factual allegation to support the severity of the alleged distress.  (*Id.*).

Plaintiff asserts that, under Federal Rule of Civil Procedure 10(c), statements in exhibits attached to a complaint are adopted by reference.  (Doc. # 9 at 2).  Therefore, plaintiff asserts that the contents of the exhibits allow her complaint to meet the Rule 8 standard.  (*Id.* at 2-3).

Rule 10(c) provides that, "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.  A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).  Rule 10(c) "pertains principally to assessing the legal sufficiency of the claims in the complaint." *United States v. Erie Cnty.,* 724 F. Supp. 2d 357, 367 (W.D.N.Y.2010); *see, e.g., Hartmann v. Cal. Dept. of Corrs. & Rehab.,* 707 F.3d 1114, 1124 (9th Cir. 2013) (*citing* Rule 10(c) in considering whether claims could survive a Rule 12(b)(6) motion to dismiss based on facts alleged in a complaint's exhibits).  Accordingly, plaintiff's exhibits are considered a part of her pleading and will be considered in assessing whether plaintiff's complaint meets the pleading requirement of Rule 8.

Here, plaintiff's exhibits include her EEOC statement, which gives a six-page account of the alleged sexual harassment and company response.  (Doc. # 1 at 6-11).  Plaintiff alleges that on January 14, 2013, as she sat at her desk, Chris Beets approached her and told her that she was "bangin'."  (*Id.* at 6).  When she asked what he meant, Beets allegedly told her she was "fuckable." (*Id.*).  Plaintiff alleges she promptly told Beets that this comment was inappropriate and that he just walked away.  (*Id.*).

Plaintiff further alleges that, on the same day as the incident, she reported Beets' actions to her supervisor, Mary Ann Guanlao.  (*Id.* at 7).  Plaintiff requested a formal meeting with human

James C. Mahan
U.S. District Judge

- 4 -

resources manager Vanessa Reinhart and Guanlao to officially report and discuss Beets' inappropriate behavior.  (*Id.*).  Plaintiff also told Ms. Guanlao that she wanted to bring the issues to the attention of Mr. Gatski, the owner of the business.  (*Id.*).  Guanlao allegedly told plaintiff that going to Mr. Gatski was forbidden and that she would be considered insubordinate if she attempted to discuss the incident with Mr. Gatski.  (*Id.*).

On January 18, 2013, Beets approached plaintiff again and commented that he "wanted to know what [her] panties smell[ed] like."  (*Id.*).  Plaintiff reported Beets' comments to Guanlao again.  (*Id.*).  Guanlao allegedly promised to set a time for plaintiff to lodge a formal complaint with the human resources manager.  (*Id.*).

Beets' sexually-charged comments continued in February.  (*Id.*).  Beets allegedly told plaintiff that she was a "MILF" (Mother I'd Like to Fuck.) (*Id.*).  Plaintiff alleges that on February 5, 2013, she had still not had a meeting with human resources.  When she contacted Guanlao again Guanlao said she would "make it happen." (*Id.*).

On February 8, 2013, Gatski terminated the human resources manager.  (*Id.*).  With no human resources staff to meet with, plaintiff continued to email Guanlao.  (*Id.*).  On February 13, 2013, nearly a month after the initial complaint of sexual harassment, Guanlao allegedly sent plaintiff an email response stating, "I know that you think he is making sexual comments towards you but I disagree.  Because he referenced your panties and what they smell like is just weird and not offensive.  Because he says you're fuckable is not really offensive either.  He's a guy and you work with guys.  Ignore it and smile." (*Id.* at 8).

Plaintiff continues to detail in her EEOC complaint Beets' ongoing verbal and physical harassment.  Alleged interactions include Beets grabbing plaintiff's rear end, sending suggestive and aggressive emails, putting his hand down the back of her shirt to feel her bra strap, and inviting plaintiff to go home with him for a "quickie" at lunch time.  (*Id.* at 8-9).

Plaintiff further alleges that, when she continued to complain to Guanlao that Guanlao threatened her job in an email by stating, "Your position is easily replaced.  [Beets] makes the company money!  Don't you need insurance for your son?  Think about it!" (*Id.* at 9).  Plaintiff

1    asserts that soon after receiving this threatening email from Guanlao, Guanlao terminated her by
2    email.

3          Plaintiff asserts that she is experiencing severe emotional distress because of "Mr. Beets'
4    sexual harassment and Gatski's ratification of his outrageous behavior . . . ." (*Id.* at 11).   She
5    asserts that in mid-February she noticed an inflamed rash behind her neck, ears, chest, and throat.
6    (*Id.*).   After seeking treatment from a doctor, the doctor informed her that the rash was likely
7    brought on by severe stress.   (*Id.*).

8          Plaintiff further asserts that she sought treatment from a psychologist about mental and
9    physical distress she suffered as a result of Beets' and Gatski's actions.   (*Id.*).   She is being treated
10   by a therapist who specializes in adult sexual harassment treatment.   (*Id.*).

11       The court finds that plaintiff's complaint, including her exhibits which are incorporated by
12   reference, undoubtedly meet the standard required for Rule 8 pleadings.   Plaintiff satisfies all
13   elements of a claim for intentional infliction of emotional distress.

14          Accordingly,

15       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Gatski
16   Commercial Real Estate Services' motion for partial dismissal or, in the alternative, motion for a
17   more definite statement (doc. # 7) be, and the same hereby is, DENIED.

18          DATED May 5, 2015.

19
20          _____
21          UNITED STATES DISTRICT JUDGE
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

- 6 -